**PANITCH SCHWARZE BELISARIO & NADEL LLP**
JOHN D. SIMMONS (PA Bar No. 202405)
BRIDGET HEFFERNAN LABUTTA (PA Bar No. 313165)
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, Pennsylvania 19103-7013
Tel: 215-965-1330
Fax: 215-965-1331
E-mail: jsimmons@panitchlaw.com
           blabutta@panitchlaw.com

**MAVEN INTELLECTUAL PROPERTY**
JANET C. MOREIRA (Fla. Bar No. 0597090)
*Pro Hac Vice Admission [to be submitted]*
5801 Biscayne Boulevard
Miami, Florida 33137
Tel: 305.967.7450
Fax: 305.967.7450
E-mail: janet@maveniplaw.com

Attorneys for Plaintiff,
RA SUSHI HOLDING CORPORATION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RA SUSHI HOLDING CORPORATION, a Delaware corporation, *Plaintiff,* <br><br> vs. <br><br> 1225 RAW, INC., a Pennsylvania corporation d/b/a RAW SUSHI AT BOYD'S, RAW LOUNGE AND RESTAURANT, RAW SUSHI SAKE LOUNGE, RAW LOUNGE, and 1225 RAW SUSHI & SAKE LOUNGE, *Defendant*. | Civil Action No. _____ <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; CYBERSQUATTING; AND UNFAIR COMPETITION** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, RA SUSHI HOLDING CORPORATION, a Delaware corporation, by and

through its  undersigned counsel, files this complaint against Defendant 1225 RAW, INC., a

Pennsylvania  corporation  d/b/a  RAW  SUSHI  AT  BOYD'S,  RAW  LOUNGE  AND

RESTAURANT, RAW SUSHI SAKE LOUNGE, RAW LOUNGE,  and/or 1225 RAW SUSHI

1

& SAKE LOUNGE ("Defendant" or "RAW Lounge"), and in support of its claims alleges as follows:

**THE PARTIES**

1.      Plaintiff Ra Sushi Holding Corporation ("Plaintiff" or "RSH") is a Delaware corporation with a principal place of business of 3815 North Scottsdale Road, Scottsdale, Arizona 85251 and a business address of 8750 N.W. 36th Street, Suite 300, Miami, Florida 33178.

2.      Upon information and belief, Defendant RAW Lounge is a Pennsylvania corporation with a business address of 1225 Samson Street, Philadelphia, Pennsylvania 19107.

3.      Upon information and belief, RAW Lounge owns and operates one restaurant located in 1225 Samson Street, Philadelphia, Pennsylvania 19107 (the "Restaurant").  Upon information and belief, RAW Lounge owns, controls, and uses the trademarks, trade names, and domain names RAW SUSHI AT BOYD'S, RAW LOUNGE AND RESTAURANT, RAW SUSHI SAKE LOUNGE, RAW LOUNGE,  1225 RAW SUSHI & SAKE LOUNGE, www.rawlounge.net and www.1225raw.com to advertise and promote the Restaurant (individually and/or collectively the "Infringing Marks").

**STATEMENT OF CASE**

4.      This is a civil action by Plaintiff against Defendant seeking injunctive relief, Defendant's profits, compensatory damages sustained, attorneys' fees, treble damages, statutory damages, and costs of this action, among other relief, for trademark infringement,  false designation of origin, cybersquatting, and unfair competition – all of which are violations of federal and Pennsylvania common law.

5.      Plaintiff brings this action due to Defendant's continued and willful infringement and disregard of Plaintiff's federally-registered **RA**® Trademarks (as later defined), and Defendant's use, registration, and/or attempt to register trademarks, trade names, and domain names, consisting of  marks confusingly similar to the **RA**® Trademarks, and/or Defendant's use directly and/or indirectly in concert with others, of the **RA**® Trademarks and trademarks, trade names, and domain names in connection with the advertising and promotion of competing restaurant services.  Defendant's use of the confusingly similar Infringing Marks are likely to bring to mind Plaintiff's distinctive **RA**® Trademarks, create consumer confusion, and create a false association between Plaintiff and Defendant.  Plaintiff is informed and believes that Defendant commenced use of the Infringing Marks after Plaintiff commenced use of the RA® Trademarks.

6.      As set forth below, Defendant's acts constitute federal and state trademark infringement, use of a false designation of origin, false description, unfair competition, cybersquatting, and injury to business reputation, all in violation of 15 U.S.C. §§ 1114 and 1125(a) and (d); and Pennsylvania common law.

## JURISDICTION AND VENUE

7.      This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (d), and Pennsylvania common law.

8.      This Court has jurisdiction over Plaintiff's claims against Defendant because this Court has original federal questions subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121.    This Court has supplemental subject matter jurisdiction over Plaintiff's remaining state law and common law claims under 28 U.S.C. § 1367(a).

9.      This Court has personal jurisdiction over Defendant because Defendant does business in the State of Pennsylvania and because the willful actions herein took place in the State of Pennsylvania and this District.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because the facts giving rise to the claims alleged herein occurred in this judicial district.

11.     Plaintiff has engaged undersigned counsel and has agreed to pay undersigned counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing Plaintiff's intellectual property rights.

## FACTS COMMON TO ALL COUNTS

### *THE INCONTESTABLE RA® TRADEMARKS*

12.     Plaintiff operates twenty-five (25) high profile restaurants located throughout the United States, all of which prominently use and display one or more of the federally-registered **RA®** trademarks and other related common law trademarks, domain names and corporate names consisting of the word "RA" (individually and/or collectively, the "**RA®** Trademarks").

13.     Plaintiff's **RA®** restaurants provide a unique, trendy, and upscale dining experience combining lively music, a vibrant staff, inventive cocktails and Japanese-fusion cuisine.  Plaintiff also provides delivery and catering services, private rooms and lounges, outdoor dining spaces and a vibrant bar scene.

14.     Plaintiff has continuously, exclusively, and extensively used the **RA®** Trademarks in interstate commerce since as early as 1997 in connection with its restaurant, catering, and related services.

4

15.     Plaintiff's goods/services have been highly publicized in connection with the **RA®** Trademarks and by virtue of its promotion, advertising, and continuous use, Plaintiff has acquired notoriety and a valuable reputation connected with the **RA®** brand.

16.     Plaintiff is the owner of the following federal trademark registrations for its **RA®** Trademarks (individually and/or collectively referred to as the "**RA®** Registrations"):

| Trademark | Registration No. | Goods/Services | Incontestable |
|---|---|---|---|
| **RA** | US 3,087,775 | Sushi bar services and Asian food restaurant services. | **yes** |
|  | US 2,209,246 | Restaurant services. | **yes** |
|  | US 3,408,349 | Asian food restaurant services. | **yes** |
| **IT'S MORE FUN IN THE RA** | US 3,087,776 | Sushi bar services and Asian food restaurant services. | **yes** |
|  | US 3,531,838 | Asian food restaurant services. | **yes** |
| | US 4,063,423 | Wines namely plum wines; spirits, namely sake<br><br>Bar, restaurant, catering, and restaurant carry-out | |

| | | services. | |
|---|---|---|---|
| RA | US 4,199,774 | Alcoholic mixed beverages except beers. | |
| RA | US 4,307,449 | Restaurant, bar, catering and carry-out services. | |

True and accurate copies of the **RA®** Registrations are attached hereto as **Exhibit 1**.   Each of the **RA®** Registrations is valid, subsisting, and in full force and effect and therefore, confers a nationwide right of exclusive use of the trademark in connection with the goods/services applied for in the registrations pursuant to 15 U.S.C. § 1057(c).

17.    Five  (5) of the above-referenced **RA®** Registrations are incontestable, including the **RA®** word mark, and thereby constitute conclusive evidence of Plaintiff's ownership and its exclusive right to use the marks for the goods/services recited in the registrations, in accordance with 15 U.S.C. § 1065.  In addition, the registrations are proof of the inherent distinctiveness of the **RA®** Trademarks.

*THE GOODWILL IN THE RA® TRADEMARKS*
*AND THE FINE REPUTATION OF PLAINTIFF*

18.    The **RA®** restaurants are popular among Japanese fusion cuisine and sushi enthusiasts alike and have received a great number of positive reviews on various online websites like Yelp.com, Zagat.com, and Tripadvisor.com.  Since opening its doors, Plaintiff has continuously expended substantial resources to market, advertise, and promote its **RA®**

Trademarks in a variety of national media including without limitation, through print and electronic media (e.g. RAsushi.com, Facebook, and YouTube), television, and radio.

19.     As a result of extensive advertising and promotion, the **RA®** Trademarks have acquired enormous value and have become distinctive and well-known to the consuming public and the trade as identifying and distinguishing Plaintiff's goods/services.

20.     Due to the substantial success of Plaintiff's restaurants, the **RA**® Trademarks have received extensive unsolicited publicity and media coverage.  For nearly two decades, **RA®** restaurants have grown and become known as premier dining establishments.

21.     Plaintiff's common law and registered rights in its **RA®** Trademarks were established long before any date of first use on which Defendants may rely.

### *HISTORY OF THE PARTIES*

22.     On November 24, 2014, Plaintiff, by and through its counsel, sent correspondence to Defendant advising it of Plaintiff's objection to its use of the **RA®** Trademarks in connection with the restaurant located at 1225 Samson Street, Philadelphia, PA 19107.

23.     Plaintiff's counsel and Defendant exchanged correspondence and communicated on the telephone.  However, having received no substantive response, Plaintiff, by and through its counsel, sent additional correspondence to Defendant on February 26, 2015.

24.     Thereafter, counsel for the parties were unable to reach a resolution.  Despite attempting to reach Defendant in order to resolve the dispute with Defendant regarding the Infringing Marks, the parties were unable to do so.

### *THE LIKELIHOOD OF CONFUSION BETWEEN THE RA® TRADEMARKS AND DEFENDANTS' INFRINGING USES*

25.     Defendant had knowledge of Plaintiff's superior rights to and interest in the **RA®** Trademarks prior to purchasing and/or commencing use and registration of the Infringing Marks.

As a matter of law, Defendant was at least on constructive notice of Plaintiff's **RA®** Trademarks due to the issuance by the United States Patent and Trademark Office of the **RA®** Registrations prior to purchasing, and/or commencing its use and registration of the Infringing Marks.

26.    Defendant also had actual notice of Plaintiff's rights to the **RA®** Trademarks through Plaintiff's correspondence with Defendant, but nonetheless has continued to use the Infringing Marks and/or marks confusingly similar to Plaintiff's registered marks.

27.    Defendant's use, advertising, and registration of the confusingly similar Infringing Marks as part of its trade names, trademarks, and domain name to identify competing restaurant, bar, restaurant take-out, and related services creates confusion and deception as to the source or origin of Defendant's (and/or its affiliates' or business partners') goods/services and through this use, Defendant is unfairly trading on the valuable reputation and goodwill embodied in the **RA®** Trademarks.

28.    The sight, sound, and overall commercial impression conveyed by Defendant's Infringing Marks including, without limitation, RAW SUSHI AT BOYD'S, RAW LOUNGE AND RESTAURANT, RAW SUSHI SAKE LOUNGE, RAW LOUNGE,  1225 RAW SUSHI & SAKE LOUNGE, www.rawlounge.net and www.1225raw.com are confusingly similar to the **RA®** Trademarks.

29.    The dominant portion of the Infringing Marks is "RAW," which is nearly identical to **RA®** and is clearly emphasized by Defendant in the various iterations of the Infringing Marks displayed on Defendant's website and Facebook® page, as displayed below:



30.     The goods/services being offered by Defendant in connection with the Infringing Marks are identical to the goods/services being offered in connection with the **RA**® Trademarks.

31.     Defendant's use of, advertising, and registration of the Infringing Marks are likely to cause consumers to mistakenly believe that Defendant's (and/or its affiliates' or business partners') goods/services are approved, endorsed, sponsored by, or affiliated with Plaintiff, or

9

that Plaintiff is a source of Defendant's (and/or its affiliates' or business partners') goods/services, or that those goods/services are in some other way associated with Plaintiff, all to Plaintiff's injury and harm.

32.     Plaintiff has not granted any right, assignment or license to use its **RA®** Trademarks to Defendant (and/or its affiliates or business partners) for any purpose whatsoever.

33.     Defendant's conduct not only infringes the **RA®** Trademarks; it trades upon Plaintiff's goodwill and reputation; dilutes the distinctiveness of the **RA®** Trademarks; causes a likelihood of confusion; and unfairly competes with Plaintiff.

34.     Defendant's conduct has damaged, and continues to damage, Plaintiff.   To the extent that Defendant's (and/or its affiliates' or business partners') goods/services are offered improperly in connection with the **RA®** Trademarks, and do not conform to Plaintiff's quality standards, such non-conformity has injured or is likely to injure Plaintiff's reputation and goodwill.

## COUNT 1: INFRINGEMENT OF A REGISTERED TRADEMARK
### (15 U.S.C. § 1114)

35.     Plaintiff hereby repeats and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.     This claim is brought under 15 U.S.C. § 1114.

37.     Plaintiff has continuously and extensively used the **RA®** Trademarks since as early as 1997 and has not abandoned the marks.

38.     The **RA®** Registrations are valid and enforceable, and five (5) of the registrations, including the word mark, are incontestable.

39.     Plaintiff's use and registration of the **RA®** Trademarks in the United States for restaurant services predates the use of the Infringing Marks by Defendant.

40.     Defendant's control, use, registration, and renewal of the Infringing Marks in commerce, in connection with the sale, offering for sale, distribution, or advertising of competing goods or services are likely to cause confusion, mistake, or deception with regard to the origin of Defendant's goods/services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendant (and/or its affiliates or business partners) to provide competing goods/services, or in some way Defendant (and/or its affiliates or business partners) is connected to or affiliated with Plaintiff, when Defendant is not.

41.     Any such confusion would result in injury or have a direct impact on Plaintiff's reputation and its ability to market its own goods/services under the **RA®** Trademarks. Furthermore, any defect, objection, or fault found with Defendant's (and/or their affiliates' or business partners') goods/services would negatively impact and seriously injure the reputation Plaintiff has established for the goods/services it sells under the **RA®** trademarks.

42.     Upon information and belief, Defendant's aforementioned infringing acts and conduct were carried out willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Plaintiff and the **RA**® Trademarks and to pass off Defendant's goods/services as Plaintiff's goods/services, or as having been sponsored or approved by Plaintiff.

43.     Defendant's control, use, registration, and renewal of the Infringing Marks was without Plaintiff's permission, license, or consent.  Defendant is not connected with Plaintiff or the **RA®** trademarks.

44.     Plaintiff has objected to Defendant's use, attempt to register, and/or registration of the Infringing Marks and Defendant has intentionally ignored such demands and continued the infringing conduct, intending to trade on the goodwill associated with the **RA®** trademarks.

45.     Defendant's acts constitute willful and deliberate infringement of the federally-registered **RA®** Trademarks in violation of 15 U.S.C. § 1114.

46.     Defendant's willful and callous misconduct makes this an exceptional case, entitling Plaintiff to have any monetary remedies increased, up to three times such amount, and to recover its attorneys' fees under 15 U.S.C. § 1117.

47.     Plaintiff has been and will continue to be irreparably injured by Defendant's conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendant, and, after trial, to recover any damages proven to have been caused, or any profits of Defendant that have been earned unjustly, by reason of Defendant's acts of infringement.

## COUNT 2: FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

48.     Plaintiff hereby repeats and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49.     This claim is brought under 15 U.S.C. § 1125(a).

50.     Defendant's unauthorized use of the **RA®** Trademarks in their trade names, trademarks, corporate names, and domain name in commerce, in connection with the sale, offering for sale, distribution, or advertising of goods or services, unfairly competes with Plaintiff, constitutes a false designation of origin and false description, and falsely represents to the public that the goods/services advertised, sold, or offered for sale by Defendant (and/or its

affiliates or business partners) emanate from the same source or origin  as Plaintiff's goods/services, or that Plaintiff authorizes, endorses, sponsors, or otherwise approves those goods/services, when Plaintiff does not.

51.     Defendant, with knowledge of such falsity, directly and/or indirectly, offered or caused to be offered, advertised, and sold goods/services in connection with trademarks, trade names, and a domain name that are confusingly similar to the **RA**® Trademarks.

52.     Defendant's use, ownership and registration of the Infringing Marks are all without Plaintiff's permission, license, or consent.  Defendant is not connected with Plaintiff or the **RA®** Trademarks.  Plaintiff has objected to Defendant's use, ownership, and/or registration of the Infringing Marks and Defendant has intentionally ignored such demands and has continued to use the Infringing Marks, intending to trade on the goodwill associated with the **RA®** Trademarks.

53.     Defendant's acts constitute false designation of origin, false suggestion and false connection with the **RA**® Trademarks and unfair competition in violation of 15 U.S.C. § 1125(a).

54.     Defendant's willful and callous misconduct make this an exceptional case, entitling Plaintiff to have any monetary remedies increased up to treble damages, and to recover its attorneys' fees under 15 U.S.C. § 1117.

55.     Plaintiff has been and will continue to be irreparably injured by Defendant's conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendant, and, after trial, to recover any

damages proven to have been caused, or any profits of Defendant that have been earned unjustly, by reason of Defendant's acts of infringement and unfair competition.

### COUNT 3: VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

56.     Plaintiff hereby repeats incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.     This claim is brought under 15 U.S.C. § 1125(d).

58.     On information and belief, Defendant controls, owns, and/or maintains the www.rawlounge.net and www.1225raw.com domain names, which are confusingly similar to Plaintiff's distinctive **RA**® Trademarks, and is using the said domain names with bad faith intent to profit from Plaintiff's distinctive the **RA**® Trademarks.

59.     Defendant uses the domain names www.rawlounge.net and www.1225raw.com in connection with its restaurants.

60.     Defendant's unauthorized use, ownership, attempt to register, registration, and renewal of the **RA**® Trademarks in its Infringing Marks, including, without limitation, in the use of the www.rawlounge.net and www.1225raw.com domain names is likely to cause confusion, mistake, or deception with regard to the origin of Defendant's goods/services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendant to provide the same goods/services, or in some way Defendant is connected to or affiliated with Plaintiff, when it is not.

61.     This is particularly true since the www.rawlounge.net and www.1225raw.com domain names consist of and/or incorporate the **RA**® Trademarks and are nearly identical and confusingly similar to Plaintiff's **RA®** Trademarks.

62.     Defendant   used   and   continues   to   use   the   www.rawlounge.net   and www.1225raw.com domain names in bad faith, long after Defendant had constructive and actual notice of Plaintiff's federally registered **RA**® Trademarks. Defendant lacks any rights and does not have any legitimate interest in and to the Infringing Marks.

63.     Defendant's acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d).

64.     Plaintiff has been and will continue to be irreparably injured by Defendant's conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendant, and, after trial, to recover any damages proven to have been caused, or any profits of Defendant that have been earned unjustly, by reason of Defendant's acts of infringement and cybersquatting.

65.     By   reason   of   the   foregoing,   Plaintiff   is   entitled   to   the   transfer   of   the www.rawlounge.net   and   www.1225raw.com   domain   names   and   to   an   award   of   statutory damages of $100,000.  Defendant's willful misconduct makes this an exceptional case, entitling Plaintiff to recover its attorneys' fees pursuant to 15 U.S.C. § 1117.

### COUNT 4:  PENNSYLVANIA UNFAIR COMPETITION
### (Penn. Unfair Trade Practices & Consumer Protection 73 P.S. §§ 201-1, 201-9.2, *et. seq.*)

66.     Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67.     Defendant's conduct as alleged herein constitutes unfair method of competition and an unfair or deceptive act or practice pursuant to 73 P.S. § 201-1 of Pennsylvania Unfair Trade Practices and Consumer Protection Act.  Specifically, Defendant has infringed Plaintiff's trademarks in violation of the federal Lanham Act and Pennsylvania common law, thereby causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval or

certification of goods or services and causing likelihood of confusion or misunderstanding as to affiliation, connection or association with or certification by another.  Indeed, Plaintiff has misled customers into believing that its services are being provided or are authorized by Plaintiff when they are in fact not so authorized.

68.     Plaintiff, as a direct result of these unfair methods of competition and unfair and deceptive business practices, lost money and/or property and has suffered irreparable harm to its reputation and goodwill.

69.     By virtue of the wrongful conduct as described herein, Defendant has improperly gained revenues and profits that in fairness and equity it should be ordered to disgorge. Defendant should also be enjoined from further engaging in acts of unfair competition against Plaintiff.

### COUNT 5:  COMMON LAW TRADEMARK INFRINGEMENT

70.     Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

71.     Plaintiff owns and has superior rights in and to the **RA®** Trademarks.

72.     By virtue of its willful disregard for Plaintiff's trademark rights, and its knowing and intentional misrepresentations, Defendant's conduct as described above misleads the public as to the nature, source and/or origin of their goods/services so as to create a likelihood of confusion as to the nature, source, or sponsorship of Defendant's goods/services.

73.     Defendant's conduct wrongfully tarnishes the goodwill symbolized by the **RA®** Trademarks.

74.     Defendant's conduct constitutes unfair competition in violation of Plaintiff's rights under the common law of the State of Pennsylvania.

75.     By reason of Defendant's acts alleged herein, Plaintiff has suffered and, unless Defendant's conduct is restrained, will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RA Sushi Holding Corporation respectfully prays for the following relief against Defendant:

(a) An order declaring that Defendant's unauthorized conduct violates the Lanham Act, 15 U.S.C. §§1114, 1125(a), and 1125(d) and Pennsylvania Unfair Trade Practices and Consumer Protection Act 73 P.S. § 201-1 – 201-9-2;

(b) An order requiring Defendant to provide an inventory list of all domain names in Defendant's possession, custody, or control, consisting of any of the **RA®** Trademarks;

(c) An order permanently enjoining and restraining Defendant and those in active concert and participation with Defendant from:

1. Further infringing and/or making any use of any of the **RA®** Trademarks, the term "RA", and using, registering, and renewing the Infringing Marks, any corresponding trademarks, and/or any domain name or trademark confusingly similar thereto to advertise, promote, display or sell any good/service;

2. Making any use of the Infringing Marks or any domain name, trademarks, corporate names, trade names, or designations consisting of, in whole or in part, any of the **RA®** Trademarks, the term "RA", and/or any domain name, trademark, corporate name, trade name, or designation confusingly similar to the **RA®** Trademarks;

17

3. Registering, renewing, purchasing, and/or acquiring any trademarks, domain names, trade names, corporate names, and/or designations, consisting of, in whole or in part, any of the **RA®** Trademarks, the term "RA", or any domain name, trademark, corporate name, trade name, or designation confusingly similar thereto;

4. Representing or suggesting to any third party that Defendant is affiliated with, sponsored by, licensed by, or otherwise connected with Plaintiff and/or the **RA®** Trademarks; and

5. Otherwise unfairly competing with Plaintiff;

(d) An order compelling Defendant to transfer to Plaintiff the registration of the Infringing Marks and/or any other trademarks, corporate names, trade names, and/or designations consisting of, in whole or in part, any of the **RA®** Trademarks the term "RA," and/or  any domain name, trademark, corporate name, trade name, or designation confusingly similar thereto;

(e) An order compelling Defendant to remove all signs, and to recall all copies of print media, press releases, promotions, or advertisements in Defendant's control bearing the **RA®** Trademarks, the Infringing Marks, and all related goods/services and/or materials, pursuant to 15 U.S.C. § 1118;

(f) An order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that any goods/services offered by Defendant are authorized by Plaintiff or are in any way related to Plaintiff or Plaintiff's goods/services;

(g) An order directing an accounting and judgment be rendered against Defendant for:

1. An award of profits received by Defendants from his misuse of  the **RA®** Trademarks as provided for in 15 U.S.C. § 1117;

2. All profits received by Defendant and all damages sustained by Plaintiff on account of Defendant's false suggestion or connection with Plaintiff through the use of the **RA®** Trademarks and/or Defendant's Infringing Marks;

18

3. An award of damages to Plaintiff for Defendant's wrongful conduct, including treble damages for Defendant's intentional and willful conduct pursuant to 15 U.S.C. § 1117;

4. An award to Plaintiff for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §§ 1114 and 1117 and Pennsylvania Rules of Civil Procedure;

(h) Any other relief that the Court finds warranted and just.

Dated:  April 24, 2015

**PANITCH SCHWARZE
BELISARIO & NADEL LLP**
JOHN D. SIMMONS (PA Bar No. 202405)
BRIDGET HEFFERNAN LABUTTA (PA Bar No. 313165)
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, Pennsylvania 19103-7013
Tel: 215-965-1330
Fax: 215-965-1331
E-mail: jsimmons@panitchlaw.com
           blabutta@panitchlaw.com

**MAVEN INTELLECTUAL PROPERTY**
JANET C. MOREIRA (Fla. Bar No. 0597090)
*Pro Hac Vice Admission [to be submitted]*
5801 Biscayne Boulevard
Miami, Florida 33137
Tel: 305.967.7450
Fax: 305.967.7450
E-mail: janet@maveniplaw.com

Attorneys for Plaintiff,
RA SUSHI HOLDING CORPORATION